

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 27 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ADRIAN KNIGHT,

                                      Plaintiff,

-against-

CITY OF NEW YORK, ANTHONY MAIDA,
UNDERCOVER POLICE OFFICER SHIELD NO.
126, LUKE DENESOPOLIS, GARY GILLESPIE,
MADELINE CORREA-STEWART,
CHRISTOPHER MULLER, STEVEN HOM,
DANIEL AYBAR and JOHN and JANE DOE 1
through 10 individually and in their official
capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                      Defendants.
----------------------------------------------------------------x

**STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL**

10 CV 4217 (ARR)(RER)

       **WHEREAS,** plaintiff commenced this action by filing a complaint on or about September 16, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

       **WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

       **WHEREAS,** plaintiff Adrian Knight has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff ADRIAN KNIGHT the sum of THIRTY THOUSAND ($30,000) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action that were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation and settlement shall not be admissible in, nor is it related to, any other litigation or settlement negotiations. Plaintiffs further agree that neither the filing of the complaint in this action, nor the settlement of this action shall be asserted by them in any other litigation or proceeding as evidence of wrongful conduct in the past of either the City of New York or any present or former employees of the City of New York.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendant regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject

matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       Jun 23       , 2011

| | |
|---|---|
| BRETT KLEIN, Esq.<br>Leventhal & Klein, LLP<br>Attorneys for Plaintiff<br>45 Main St., Suite 230<br>Brooklyn, NY 11201 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants City of New York*<br>*and Anthony Maida*<br>100 Church Street, Rm. 3-209<br>New York, New York 10007 |
| By: *[signature]*<br>Brett Klein<br>*Attorney for Plaintiff* | By: *[signature]*<br>Ellen L. Buckwalter<br>*Assistant Corporation Counsel* |

SO ORDERED:

/s/(ARR)

_____
HON. ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
       June 23 , 2011

4